INHABITANTS OF STRONG, In Equity, *vs.* STRONG WATER COMPANY.

Franklin.    Opinion March 1, 1913.

*Agreement to convey.  Assessment.  Bill in Equity.  Committee.  Constitutional provision.  Contract.  Convey.  Debt limit.  Promissory note. Purchase.  Specific performance.  Taxation.  Temporary loans. Town.  Vote.  Water company.  Water works.*

The plaintiff town at a town meeting duly called voted to purchase the .entire water plant of the defendant company in accordance with the terms and conditions of a contract then existing between the town · and the company, wherein the company had agreed to convey the same within a limited period, on tender of the amount of the cost of constructing the works with accrued interest, less net income.  At the same time the town voted to issue its promissory note for such amount as might be necessary to provide the funds to pay for the plant.  No other means of payment was provided.  No provision was made for the assessment of a tax to pay the note.  It appearing that the purchase price of the works, under the terms of the contract, must in any event exceed the constitutional debt limit of the town, *it is held,*

1. That the vote to purchase was nugatory and invalid, in that it exceeded the constitutional power of the town.
2. That the vote was not such a "vote to purchase" as was contemplated by the contract.
3. That as the defendant's contract duty of making conveyance was conditional upon the town's first legally voting to purchase, the bill for specific performance cannot be maintained.    .

On report. Bill dismissed with costs.

This is a bill in equity in which the plaintiffs seek a conveyance of all the title and interest which the defendant company have in and to the water works owned and operated by said company in the town of Strong, in the county of Franklin, in accordance with a contract or agreement entered into by the town of Strong and said water company on June 27, 1904.  An answer to said bill was filed by the defendant and replication by the plaintiffs.  At the conclusion of the testimony, by agreement of the parties, the cause was reported to the Law Court.  If, upon so much of the evidence and

admissions as is relevant and material the court is of the opinion that the bill is maintainable, the case is to be remanded for the appointment of a master and further proceedings under the bill otherwise to be dismissed with costs.

The case is stated in the opinion.

*Frank W. Butler,* for plaintiffs.

*Symonds, Snow, Cook & Hutchinson,* for defendant.

SITTING:   WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, BIRD, HANSON, JJ.

SAVAGE, J.   There is now in force a contract between the parties, dated June 27, 1904, which provides, among other things, "That should the said town at a meeting duly called for that purpose vote to purchase the water works of said company, at any time within ten years of the completion of said works, then and in that case the said company on tender of the amount of the cost of constructing the said works with accrued interest at five per cent less net income will convey and make over to said town the said water works in their entirety as they then exist."

On February 3, 1912, at a town meeting duly called for that purpose, the plaintiff town voted (1) "that the town purchase the entire water plant of the Strong Water Company in accordance with the terms and conditions of the contract existing between said town and said water company;" (2) "to choose a committee to ascertain the cost of the water works," which committee was appointed, (3) "to authorize and empower the committee to employ counsel and commence either legal or equitable proceedings to ascertain the cost of said water company's plant and the sum the town will be required to pay therefor in accordance with the terms of the contract between said town and said water company," and (4) "that the town issue its promissory note for such an amount on such time and at such rate of interest as may be necessary to provide the funds to pay for said water plant in accordance with the terms and conditions of the existing contract between said town and said water company."

In the pending bill it is alleged, and in the answer admitted, that the parties are unable to agree upon the amount of the cost of con-

struction of the water works under the terms of the contract. The bill prays for the appointment of a master to ascertain the cost of construction, and, that cost being ascertained, for a specific performance of the defendant's agreement to convey.

The cause came on to be heard upon a motion for the appointment of a master, to which the defendant objected, in limine, on the ground that the vote of the town which we have recited was ineffective and void, because it provided for the creation of a debt in excess of its constitutional debt limit of five per cent of its valuation, Constitution of Maine, Art. XXII, and that the town, under that vote, could not constitutionally raise the money proposed to be raised to pay for the defendant's works.

Thereupon, after taking out evidence relative to that issue, the cause was reported to the Law Court with the stipulation that if the bill is maintainable upon the relevant and material evidence, it is to be remanded for the appointment of a master, and further proceedings; otherwise the bill is to be dismissed with costs.

The only question presented is whether the bill is maintainable in view of the effect of the debt limit provision of the Constitution. The case shows that the constitutional debt limit of the town of Strong, at the time of the vote referred to, did not exceed $11,000, and that the indebtedness then existing was $4,000 or more. The evidence seems to warrant the conclusion that the cost of the construction of the water works when ascertained will not be less than $20,000 or $25,000. But it is conceded that in any event it must be in excess of the $11,000 limit.

It is plain then that the town then had no constitutional authority to incur an indebtedness by borrowing, as proposed in the vote, sufficient money to pay for the defendant's water works. The plaintiff town, however, says that even granting this to be true, it ought not to prevent the relief sought. It is contended in its behalf that the only thing required of it under the contract was to "vote to purchase." This is not accurate. We think the vote cannot be considered piecemeal. It must be taken as a whole. The town must tender the price before it is entitled to a conveyance. But, it is said, until the price is determined it is impossible to tell whether the debt limit will be exceeded or not. And it is said further that the town may still raise the necessary money by "temporary loans to be paid

out of money raised by taxation during the year in which they are made," such loans being excepted in the Constitution from the five per cent limit. And it is suggested that a water district may then be formed to take over the property, and that the proceeds of water district bonds will pay the town debt. Then the tax can be abated. These latter propositions are not only conjectural, but as bearing upon the power of the town to incur the indebtedness, they are extra-constitutional, and cannot receive the sanction of the court.

As to the primary proposition, it is sufficient to say, as we have already said, that it was conceded at the hearing that there was no question but that the purchase price in any event must exceed the town's present limit, and its present limit is all that we have to consider in this case. And as to the proposition for "temporary loans" to be repaid out of money raised by taxation during the year in which they are made, that is not this case. No such loans were made, and no tax was levied out of which the money authorized to be borrowed could have been repaid. The vote of the town was a straight vote to purchase, and to borrow money to pay. And even if it were relevant to the discussion, it cannot be assumed that because the town then voted to borrow money, it would have voted then, or will vote now, to assess the tax necessary to pay it, as the Constitution provides.

But we think the inherent infirmity of the plaintiff's case lies in the beginning of its proceedings. It voted to purchase. To purchase involved an obligation to pay. It could not purchase without paying. It could not pay without exceeding its debt limit. In that situation the Constitution forbade it to pay, or to borrow the money with which to pay, unless it raised a tax to be levied that year, to provide for the repayment. This it did not do. The town, then, attempted to do something which it could not do. It attempted to purchase, to borrow the means of payment, and not to provide taxation for its repayment. The vote of the town to purchase was nugatory and invalid. It was not such a "vote to purchase" as the contract must be understood to have contemplated.

The plaintiff cites and relies upon *Farmington Village Corporation v. Farmington Water Company*, 93 Maine, 192. But that case is not like the one at bar. In that case, the contract provided that the village corporation should *"have the right to purchase"* the com-

pany's works at an appraisal, and further, that the "appraisal shall be the sum at which said corporation *shall have the right to buy* said works and for which said company *agree to sell* the works." The question in that case was whether the village corporation could move for an appraisal before it voted to purchase. And under the language of the contract, it was held that it could. But in the case before us the contract did not give the plaintiff town merely a right to buy at an appraisal first had. It made a valid vote by the plaintiff to purchase a prerequisite to any obligation on the part of the defendant to convey. The distinction is manifest.

As the defendant's contract duty of making conveyance was conditional upon the town's first legally voting to purchase, and as the town's vote was unauthorized and invalid, it is clear that no award of specific performance can be made. In accordance with the stipulation the certificate will be,

*Bill dismissed with costs.*